```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA         :

      - v. -                     :      INDICTMENT

ROSEMARY BORREL,                 :      08 CRIM 348

            Defendant.           :

- - - - - - - - - - - - - - - - -x
```

JUDGE CROTTY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 21 2008

## COUNT ONE

The Grand Jury charges:

1.   From at least in or about January 2007, up to and including on or about January 23, 2008, in the Southern District of New York and elsewhere, ROSEMARY BORREL, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that ROSEMARY BORREL, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, thousands of pills containing a detectable amount of 3,4-methylenedioxymeth amphetamine ("MDMA"), commonly known as "Ecstasy," in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).

1

Overt Act

3. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a. On or about January 23, 2008, ROSEMARY BORREL, the defendant, gave a cooperating witness a handbag that contained thousands of Ecstasy pills.

(Title 21, United States Code, Section 846.)

FORFEITURE ALLEGATIONS

4. As a result of committing the controlled substance offense alleged in Count One of this Indictment, ROSEMARY BORREL, the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the violation alleged in Count One of this Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the said violation, including but not limited to the following:

a. A sum of money in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense alleged in Count One of this Indictment.

<u>Substitute Asset Provision</u>

5. If any of the above-described forfeitable property, as a result of any act or omission of the said defendants:

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited with, a third person;

   (3) has been placed beyond the jurisdiction of the Court;

   (4) has been substantially diminished in value; or

   (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

_____
Foreperson

_____
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

ROSEMARY BORREL,

Defendant.

INDICTMENT

08 Cr.

(21 U.S.C. § 846;
21 U.S.C. §§ 841(a)(1) and 853.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.

4/21/08 - Fld. Indictment, Case assigned to Judge Crotty.

S/Eaton, Jr. U.S.M.J.